**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ADDAM LAW FIRM L.L.P** **ILYA AZARYEV** *Plaintiff,* -Against- **THE CITY OF NEW YORK,** **POLICE OFFICE ARTHUR STURMAN 61 ST COMMAND** **AND DOE 1-2 INCLUSIVE** *Defendants* | Index No: 2021PI008654 **CV 21-3856** **DEMAND TRIAL BY JURY** KUNTZ, J. BLOOM, M.J. |



Comes Now **ILYA AZARYEV** of Addam Law Firm L.L.P (Proceeding *Pro'Bono* hereafter Plaintiff) who files this verified Complaint for Declaratory and Injunctive Relief against Defendants; **THE CITY OF NEW YORK,** and states as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by **42 USC §1983, §1988**, the **Fourth** and **Fourteenth** Amendments to the United States Constitution.

2. The claims arise from a November 2020 incident in which Officers of the New York City Police Department ("**NYPD**"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, illegal search and seizure, and false imprisonment.

*IA*
Azaryev Ilya Esq
Notary Public, State of New York
Reg. No. 02AZ6414091
Qualified in KING County
Commission Expires 02/16/2025

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to :2'8 USC §1331, 42 USC §1983, and the **Fourth** and **Fourteenth** Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

1. **Police officer Arthur** was, at all times here relevant, a Police Officer (PO) of the **NYPD**, and as such was acting in the capacity of an agent, servant and employee of the City of New York.

2. On information and belief, at all times relevant hereto, Officer Arthur was plaintiff's "arresting officer" and was under the command of the 61st Precinct of the **NYPD**. Defendant Arthur is sued in his individual capacity.

3. All other individual defendants ("the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD.

## NOTICE OF CLAIM

4. Within 90 days of the incident, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

5. Plaintiff's 2012 BMW, Vehicle Identification Number (hereinafter "subject vehicle"), unlawfully seized at the time of his arrest and is in the custody of the Property Clerk, New York City Police Department.

6. At approximately 2:30 am, on November 6th 2020, plaintiff Ilya Azaryev came outside of his home to park vehicle across from his home of 710 avenue s Brooklyn New York 11223. The ticket issued by Police office Mcmahon from the 61st precinct. A copy is attached as exhibit 1

7. When Mr. Azaryev approached the officer to inquire about the ticket which was issued by them, they Police from the 61 called back up while asking plaintiff what he was doing a few hours prior, the police then placed Mr. Azaryev under arrested for charges which alleged he impersonating a police officer.

8. The arresting officer was Police Officer Arthur, he & several others from the 60th precinct took it upon themselves to start a vehicle which was locked and turned off. Refer back to the fire hydrant ticket which undoubtably paints the harassment with broad strokes, it shows the vehicle being parked across from 710 avenue, MR. AZARYEV was home relaxing, observed marked **NYPD** car issuing a ticket to observed  marked **NYPD** car issuing a ticket to his parked vehicle, when he inquires the Defendants then put plaintiff in handcuffs and arrested him along with plaintiff's vehicle.

9. The arrest of plaintiff was made without probable cause, or reasonable suspicion that she had committed any crime

10. Plaintiff was taken to the police precinct, and then after several hours to central booking.

11. Mr. Azaryev saw an officer then driving his BMW while he was detained in a police cruiser. PO Arthur Sturman drove the BMW 535i back to the Pct. Mr, Azaryev was release hours later

when Albany issued the plaintiff a future date in court and released him from the precinct with a D.A.T.(Desk Appearance Ticket)

12. ARTHUR MIKHAYLOV an acquaintance /old employee of Mr.Azaryev surrendered Mr.Azaryev's BMW 535I to the 60th command on October 8th 2020 for some sort of monetary exchang , Mr. Arthur Mikhaylov later claimed to Mr.Azaryev, he was detained for driving impaired by the 60th precinct. The same PCT where he is a paid informant for DETECTIVE MCDONALD, & receives monetary incentives for being their C.I. in the form of Checks paid by NYC (Revelations of discovery prior matter).

13. Well the docket-less arrest & claims of being arrested of DWI & being taken to Coney Island Hospital to "Sleep it off" instead of bull-pins sounds unprofessional and unreal.

14. The NYPD impounded Plaintiff's vehicle for matters pertaining to allegations of detaining an impaired driver ARTUR MIKHAYLOV, without placing him under arrest, without him being arraigned they voucher my VEHICLE as evidence for the district attorney, then change the status of it "STILL TO DETERM AIN OWNERSHIP."

15. The car was almost sold on auction subject to forfeiture under the Rules of the City of New York due to them not accepting Plaintiff's original bill of sale /registration insurance & DMV Slip showing title duplicate request WHICH ALL HAVE MY NAME on them causing me damages in the form of 17 days without earning a check during the worst of COVID

16. The 60th PCT then ripped off vehicle identifying Emergency horn, 2 way loud speaker, emergency strobes and an I-phone, all plaintiff's belongings out of his vehicle and gave them to Artur Without a New York State Photo Id, Why in the world would they not charge him with grand theft, after learning he was not given permission to drive. It has come to light that the NYPD wanted the vehicle off of the streets because a higher end model vehicle with

emergency lights, & Mr. Azaryev wears a Kevlar vest for work etched with a private entity Insignia Seem to be personal issues the NYPD has been behind a harassment campaign.

17. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

    c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g. Loss of liberty

# FIRST CAUSE OF ACTION

# (42 USC § 1983)

19. The preceding paragraphs are here incorporated by reference. 44. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983. 45. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States constitution.

20. Defendants' conduct also deprived plaintiffs of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

21. Defendants' falsely arrested plaintiff and failed to intervene each other's obviously illegal actions.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

# SECOND CAUSE OF ACTION

# (MUNICIPAL AND SUPERVISORY LIABILITY)

23. The above paragraphs are here incorporated by reference. 49. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that,

after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

24. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case. 50. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify

truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

25. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

26. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

27. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to

such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case....

## THIRD CAUSE OF ACTION

## (CONSPIRACY)

28. The above paragraphs are here incorporated by reference.

29. Defendants agreed to violate the plaintiffs' rights in the manner described above. Further defendants made an agreement to attempt to cover up the assault and illegal search and seizure committed against plaintiff

30. Defendants took action in furtherance of this agreement by arresting plaintiff and attempting to bring charges against him.

31. Plaintiff was injured as a result of defendants' conspiracy.

## FOURTH CAUSE OF ACTION

## (CONSTITUTIONAL TORT)

32. The above paragraphs are here incorporated by reference.

33. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

34. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

# FIFTH CAUSE OF ACTION

# (NEGLIGENT HIRING & RETENTION)

35. The above paragraphs are here incorporated by reference. 59. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the loss of liberty and mental abuse sustained by plaintiff. 60. Defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

36. Upon information and belief, defendant officers were incompetent and unfit for their positions.

37. Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

38. Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injury

39. Because of the defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above

# SIXTH CAUSE OF ACTION

# (RESPONDEAT SUPERIOR)

40. The above paragraphs are here incorporated by reference.

41. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

42. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

   A. Compensatory damages in the amount of $225,000 against each defendant, jointly and severally

   B. Awarding plaintiffs' punitive damages in an amount to be determined by a jury;

   C. Awarding plaintiffs' reasonable attorneys' fees, costs and disbursements of this action; and

   D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

## VERIFICATION

I **ILYA AZARYEV**, the Plaintiff in the above complaint verified that the statement contained in this Complaint are true to the best of my knowledge. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I **declare** (or certify) under penalty of perjury that the foregoing is true and correct.

*Respectively submitted this _____ day of _____ 2021*

*[signature]*

ILYA AZARYEV
(Pro'Bono)
710 Avenue S Suite A6
Brooklyn N.Y. 11223
Info@addamlawfirm.com
(212) 470·2605

## CERTIFICATE OF SERVICE

I hereby certify on the __14th__ day of __June__, 2021, that a true and correct copy of the foregoing **Complaint** were served by placing a copy in the United States Postal Service, with postage prepaid, addressed upon the following:

**SERVICE ON:**

TO: **New York City Corporation Counsel Office**

100 Church Street, 4th floor

New York, NY 10007

**TO:**

**Police Office Arthur Sturman**

One Police Plaza

New York, NY 10038-1497

_____

ILYA AZARYEV
(Pro'Bono)
710 Avenue S Suite A6
Brooklyn N.Y. 11223
Info@addamlawfirm.com
(212) 470·2605