UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ILYA AZARYEV,                                  :
                                               :
              Plaintiff,              :
                                               :
    v.                                          :    **MEMORANDUM & ORDER**
                                               :    21-CV-3856 (WFK)(LB)
CITY OF NEW YORK; POLICE OFFICER               :
ARTHUR STURMAN; DOE 1-2,                       :
                                               :
              Defendants.             :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

      On June 14, 2021, *pro se* Plaintiff, Ilya Azaryev, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of New York, New York City Police Officer Arthur Sturman of the 61st Precinct and two unidentified individuals concerning his November 6, 2020 arrest. Plaintiff's request to proceed *in forma pauperis* submitted on July 31, 2021 is GRANTED pursuant to 28 U.S.C. § 1915. As set forth below, Plaintiff's claims against the City of New York and Does 1-2 are dismissed, but the complaint may proceed against Police Officer Arthur Sturman.

**BACKGROUND**

      The Court assumes the truth of the allegations in the Complaint for the purpose of this Memorandum and Order. He claims that "officers of the New York City Police Department" subjected him to "false arrest, illegal search and seizure and false imprisonment." Compl. ECF 1 at 1. Plaintiff alleges that at 2:30 AM on November 6, 2020, he saw police officers of the New York City Police Department 61st Precinct issue a ticket to his BMW 535i parked across the street from his home. *Id.* at 3. When he "inquire[d]" about the ticket, the "Defendants then put plaintiff in handcuffs and arrested him along with plaintiff's vehicle." *Id.* at 3. Plaintiff was

arrested by Defendant Arthur Sturman, *id.* at 3 ("the arresting officer was Police Officer Arthur"), for the charge of impersonating a police officer. Plaintiff alleges that he was arrested, taken to the precinct and then to central booking and released "from the precinct" with a desk appearance ticket.[1] *Id.* at 3-4. As to his car, he alleges that Defendant Sturman drove it to the precinct and the car remains with the New York City property clerk, "vouchered as evidence" in separate driving under the influence charges against Artur Mikhaylov "an acquaintance/old employee" of Plaintiff's. *Id.* at 3,4. He also objects to the removal of enhancements from the car including emergency strobes and horn and "2 way loud speaker." *Id.* at 4. He seeks damages for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead enough facts to state a claim to relief that is

---

1 The Court takes judicial notice of the records of the Supreme Court of New York, Kings County, which provide that pursuant to a November 6, 2020 arrest, Plaintiff is charged with the misdemeanor of impersonating a public servant in the second degree, Case No. CR-021569-20KN.

plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 555 U.S. at 555. Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557).

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (Bianco, J.) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

**DISCUSSION**

**I. Attorney Acting Pro Se**

Plaintiff's submissions to the Court contain information suggesting he is an attorney.

3

Plaintiff states that he is proceeding "pro bono" and there are several indicia that he is an attorney or affiliated with Addam Law Firm LLP. *See* Compl., ECF No 1 at 1 (listing "Addam Law Firm" in the caption, identifying Plaintiff as Ilya Alzaryev of Addam Law Firm, LLPP and containing notary stamp identifying "Ilya Azaryev, Esq.") and at 13 (listing Plaintiff's email address as info@addamlawfim.com); IFP Application at 3, ECF No. 4 (containing notary stamp identifying "Ilya Azaryev, Esq."). However, Addam Law Firm LLP is not mentioned in the body of the Complaint and Plaintiff does not state that he is a lawyer. If Plaintiff is a licensed attorney, he may proceed *pro se*, but he is not entitled to the special solicitude given to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Johnson v. MediSys Health Network*, 10-CV-1596, 2013 WL 1334420, at *1 n.1 (E.D.N.Y. Mar. 29, 2013) (Korman, J.) ("Although Johnson proceeds *pro se*, she is an attorney. Thus, she is not entitled to have her pleadings read with the degree of liberality given to non-attorney *pro se* plaintiffs."). The reason courts afford special solicitude to pro se litigants is because they "generally lack legal training and experience." *Tracy*, 623 F.3d at 103. Those concerns are not animated here if Plaintiff is a lawyer.

**II. Section 1988 Claim Dismissed**

To the extent Plaintiff seeks to raise a claim under 42 U.S.C. § 1988, *see* Compl. at 1, the claim is DISMISSED. Plaintiff, a *pro se* litigant, even if he is an attorney, may not recover fees under § 1988. *See Jackson v. County of Rockland*, 450 Fed. Appx. 15, 19 (2d Cir. 2011) (summary order) ("The Supreme Court has spoken clearly that a *pro se* litigant, whether or not he is a lawyer, may not receive attorney's fees under Section 1988."); *Gordon v. City of New York*, 09-CV-04577(ERK), 2015 WL 1514359, at *5 (E.D.N.Y. Apr. 3, 2015) (Korman, J.) ("Indeed, a party appearing *pro se* is not entitled to fees under § 1988, even if she is an

attorney."); *Peterson v. City of New York*, 11-CV-3141, 2012 WL 75029, at *5 (S.D.N.Y. Jan. 9, 2012) (Cote, J.) ("Plaintiff's claim for attorney's fees pursuant to 42 U.S.C. § 1988 fails because, although plaintiff is an attorney, he is proceeding *pro se* and is thus not entitled to attorney's fees."). Accordingly, plaintiff's § 1988 claim is DISMISSED for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Section 1983 Claims

The Court finds that Plaintiff has plausibly alleged a §1983 claim against New York City Police Officer Sturman. However, the other two defendants, the City and the John Doe 1-2, are not proper parties to this action and are DISMISSED as set forth below.

#### A. City of New York

Plaintiff has not alleged that his injuries resulted from a municipal policy or custom necessary to §1983 municipal liability. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). "[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers, or "pursuant to governmental 'custom.'"

5

*Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690-91).  A municipality may not be held liable under § 1983 solely on a *respondeat superior* theory.  *Brown v. City of New York*, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016) (Glasser, J.) (quoting *Missel v. Cnty. of Monroe*, 351 Fed. App'x. 543, 545 (2d Cir. 2009) (summary order).  The New York City Charter provides that suits against City agencies must be brought against the City of New York. *See* N.Y. City Charter § 396.

In support of municipal liability, Plaintiff asserts that the City is aware that its police officers engage in false arrest and excessive force because of numerous complaints to the Civilian Complaint Review Board and civil actions, but that it does not adequately discipline its officers for the violations of constitutional rights, nor inform the officers' superiors of unfavorable determinations.  Compl. ECF No. 1 at 6-9.  Plaintiff has not met his burden here.  Plaintiff fails to allege any facts to demonstrate that the City maintains a policy or practice which led to the deprivation of his rights. *See Wilson v. City of New York,* 18-CV-7301, 2020 WL 5709200, at *7 (E.D.N.Y. Sept. 24, 2020) (Donnelly, J.) (municipal liability claim dismissed where "the plaintiff has not alleged any facts to support an inference that the City has a custom or practice of tolerating police misconduct or of suppressing claims against police officers."); *Treadwell v. Cty. of Putnam,* 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (Karas, J.) (holding that the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused Plaintiff's alleged constitutional injuries," but instead merely "detail[ed] an isolated series of incidents").  Plaintiff's allegations are conclusory.  He does not cite any particular civil actions, does not plead factual matter suggesting that those civil actions involved similar conduct or were filed against the same actors, and does not allege

6

that the actions reached conclusions consistent with his allegations. *Ruiz v. Westchester Cty.*, 18-CV-7007, 2020 WL 4340788, at *7 (S.D.N.Y. July 28, 2020) (Kara, J.) (dismissing *Monell* claim where the "[p]laintiff ... cited no specific deficiency in [the defendant's] training or supervision protocols"); *Rivera v. Westchester County*, 18-CV-8354, 2019 WL 3958425, at *5 (S.D.N.Y. Aug. 22, 2019) (Karas, J.) (dismissing *Monell* claim where the plaintiff did allege that "numerous similar lawsuits, grievances, and complaints" were filed against the defendant but "fail[ed] to provide any factual details regarding these other lawsuits and grievances*"); Dawson v. Westchester County*, 18-CV-7790, 2019 WL 3408899, at *5 (S.D.N.Y. July 29, 2019) (Karas, J.) (dismissing *Monell* claim based on an allegation that "[d]efendants knew about . . . poor food conditions because of other complaints, grievances, and lawsuits" as "conclusory" without additional details).

Therefore, Plaintiff's constitutional claims against the City are not plausible and are DISMISSED for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Doe Defendants

Plaintiff also names "Does 1-2." However, Plaintiff does not connect any factual allegations to any unidentified individual defendant. Although he mentions that Officer McMahon issued the parking ticket and that other officers were called as back up when Plaintiff "inquired" about the parking ticket, ECF No. 1 at 3, there are no factual allegations as to any individual other than Defendant Sturnam. The absence of allegations against them and lack of personal involvement is fatal to his claims against the John Does. Thus, the §1983 claim asserted against John Doe Defendants is not plausible and is DISMISSED without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); *Farid v.*

7

*Ellen*, 593 F.3d at 249; *Farrell v. Burke*, 449 F.3d at 484; *Ashcroft v. Iqbal*, 556 U.S. at 676.

## CONCLUSION

Plaintiff's § 1983 complaint is DISMISSED against the City of New York and "Does 1-2." 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect their dismissal.

The complaint may proceed against Defendant Police Officer Arthur Sturman of the 61st Precinct. The Clerk of the Court is directed to issue a summons against this defendant and the United States Marshals Service is directed to serve the complaint and this Order on the defendant without prepayment of fees.

A copy of this order shall be served on the Special Federal Litigation Division of the Corporation Counsel. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). A copy of this Order shall be mailed to Plaintiff and its mailing reflected on the Court's docket.

**SO ORDERED.**

**s/ WFK**
HON. WILLIAM F. KUNTZ, II
U.S. DISTRICT JUDGE

Dated: August 27, 2021
      Brooklyn, New York