UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ILYA AZARYEV,

                                                                             **REPORT & RECOMMENDATION**

            Plaintiff,                                                      21 CV 3856 (WFK)(LB)

  -against-

POLICE OFFICER ARTHUR STURMAN,

            Defendant.
------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      This *pro se* civil rights case was referred to me for all pretrial purposes. *Pro se* plaintiff failed to appear at the two Court-ordered telephone conferences in this matter (the initial conferences) – on January 27, 2022 and March 2, 2022 – and has not contacted the Court or defendant's counsel to request an adjournment or to explain his absence. Prior to the March 2, 2022 conference, I warned plaintiff, ECF No. 13, that if he failed to timely appear at the March 2, 2022 telephone conference, I would recommend that his case should be dismissed under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A). Despite this explicit warning, plaintiff failed to appear. Accordingly, in light of plaintiff's failure to appear at two Court-ordered conferences in his case, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff filed this *pro se* civil rights action on June 14, 2021, alleging that he was unlawfully arrested on November 6, 2020. Compl. ¶ 7, ECF No. 1. On August 27, 2021, Judge Kuntz granted plaintiff's request to proceed *in forma pauperis*, dismissed plaintiff's claims against defendants the City of New York and Does 1-2, and ordered that the case should proceed

against Police Officer Arthur Sturman. Mem. & Order, ECF No. 5. The Court scheduled an initial telephone conference for January 27, 2022.[1] ECF No. 12. Plaintiff failed to appear for the January 27, 2022 initial conference. By Order dated January 27, 2022 (ECF No. 13), plaintiff was advised that his failure to timely appear for a Court conference was unacceptable and that he must obey the Court's Order to appear. The Court rescheduled the initial telephone conference for March 2, 2022 and explicitly warned plaintiff that if he failed to timely appear at 10:30 a.m. on March 2, 2022 the Court would recommend dismissal of his action. (ECF No. 13). The January 27, 2022 Order was sent to plaintiff's address on record and the Order was not returned to the Court as undelivered.

Defendant's counsel appeared for the March 2, 2022 conference, but plaintiff failed to appear. Moreover, plaintiff failed to contact defendant's counsel or the Court to request an adjournment of the conference. Defendant's counsel appeared on time and was prepared to proceed.

### DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding

---

[1] The Court mailed plaintiff a copy of its Order scheduling the initial conference on December 21, 2021. The Order was not returned to the Court as undeliverable.

*pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); See also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (failure of *pro se* litigant to comply with court orders may result in sanctions, including dismissal with prejudice).

Plaintiff failed to appear on January 27, 2022 and again on March 2, 2022 for Court-ordered telephone conferences. Plaintiff was clearly warned that if he failed to timely appear for the March 2, 2022 telephone conference, I would recommend that this case should be dismissed. ECF No. 13. Plaintiff again failed to appear for the March 2, 2022 conference. Moreover, plaintiff failed to contact the Court or defendant's counsel to request an adjournment. Plaintiff's failure to appear for two Court-ordered telephone conferences makes it impossible to proceed in this action. This is plaintiff's action to vindicate his rights. The Court need not afford plaintiff unlimited opportunities. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial

review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 2, 2022
        Brooklyn, New York